GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com

*Liaison Counsel for Plaintiff*
*and the Proposed Plaintiff Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELA PRODANOVA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H.C. WAINWRIGHT & Co., LLC, and OREN LIVNAT,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Daniela Prodanova ("Plaintiff"), by and through Plaintiff's attorneys, allege the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, Plaintiff's counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by MannKind Corporation ("MannKind"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and securities analyst reports issued and disseminated by Wainwright; and (c) review of other publicly available information concerning Wainwright. Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

I.   **NATURE OF THE ACTION**

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of MannKind between 4:03 AM Pacific Time on October 10, 2017 (7:03 AM Eastern Time) and 9:02 PM Pacific Time on October 10, 2017 (12:02 AM Eastern Time on October 11, 2017) ("Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder.

## II.   JURISDICTION AND VENUE

2.     The claims asserted herein arise under Section 10(b) of the Exchange Act (15 U.S.C. §§78j(b)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

4.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)). Substantial acts giving rise to the alleged fraud or the effects of the fraud have occurred in this Judicial District.

5.     In connection with the acts, transactions, and conduct alleged herein, Defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## III.   PARTIES

### A.   Plaintiff

6.     Plaintiff, as set forth in the accompanying Certification annexed hereto, purchased MannKind securities during the Class Period, and suffered damages as a result of the federal securities law violations.

**B.    Defendants**

7.    Defendant Wainwright is a Delaware corporation that maintains its corporate headquarters at 430 Park Avenue, 4th Floor, New York, New York. Wainwright is an investment bank that provides financial solutions to public and private growth companies across multiple sectors and regions. Wainwright offers a variety of financial services including, but not limited to, investment research, underwriting, and capital raising services.

8.    Defendant Oren Livnat ("Livnat") is, and was at all relevant times, a research analyst at Wainwright.

## IV.    SUBSTANTIVE ALLEGATIONS

9.    Among the companies that Wainwright provides investment research on is MannKind. MannKind is a publicly-traded biopharmaceutical company headquartered in Westlake Village, California. MannKind researches, develops and commercializes inhaled therapeutic products for patients with diseases such as diabetes and pulmonary arterial hypertension. Afrezza is MannKind's first and only FDA-approved product. Afrezza is a rapid-acting, inhaled insulin used to control high blood sugar in adults with type 1 and type 2 diabetes. MannKind is actively traded on the Nasdaq Stock Market ("NASDAQ") under the ticker symbol "MNKD." According to MannKind's most recently filed quarterly report, filed August 7, 2017, MannKind had 104.68 million shares of common stock outstanding as of August 1, 2017.

10.     On October 10, 2017 at 4:03 AM Pacific Time, before the markets opened, Wainwright, through an announcement publicized by Wainwright analyst, Livnat, initiated coverage of the MannKind stock with a "Buy" rating and a $7 per share price target, which represented an increase of more than 30% from the stock's trading price at the time. At 6:17 AM Pacific Time, Wainwright published a report authored by Livnat repeating the $7 per share price target and stating that Wainwright expected MannKind to recapitalize soon.

11.     The foregoing statements were materially misleading for failure to disclose that just 15 hours following Wainwright's report on MannKind, Mannkind would announce a registered direct offering at a price of $6.00 per share.

12.     At the time of Wainwright's statements, Mannkind's stock was trading at $5.33 per share.

13.     At 9:02 PM Pacific Time on October 10, 2017, MannKind announced a registered direct offering of an aggregate of 10,166,600 shares of common stock at an offering price of $6.00 per share. According to the announcement, the offering was expected to close on or about October 13, 2017.

14.     On this news, MannKind's stock price fell to a close of $5.47 per share on October 11, 2011.

15.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of MannKind's securities, Plaintiff and other Class Members have suffered significant losses and damages.

CLASS ACTION COMPLAINT

4

**V.      CLASS ACTION ALLEGATIONS**

16.      Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired MannKind securities during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Wainwright, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants has or had a controlling interest.

17.      The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, MannKind stock was actively traded on NASDAQ. While the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds of members in the proposed Class. Millions of MannKind shares were traded publicly during the Class Period on NASDAQ. According to MannKind's most recently filed quarterly report, filed August 7, 2017, MannKind has 104.68 million shares of common stock outstanding as of August 1, 2017. On October 10, 2017, more than 48 million shares of MannKind traded. Record owners and other members of the Class may be identified from records maintained by MannKind or its transfer agent and may be notified of the pendency

of this action by mail, using the form of notice similar to that customarily used in securities class actions.

18.   Plaintiff's claims are typical of the Class Members, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal securities laws that is complained of herein.

19.   Plaintiff will fairly and adequately protect the interests of Class Members, and has retained counsel competent and experienced in class and securities litigation.

20.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

a.   whether the federal securities laws were violated by Defendants' conduct alleged herein;

b.   whether statements made by Defendants to the investing public during the Class Period omitted or misrepresented material facts about the business, operations, and prospects of MannKind; and

c.   to what extent Class Members have sustained damages and the proper measure of damages.

21.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Further, as the damages suffered by individual Class Members may

CLASS ACTION COMPLAINT
6

be relatively small, the expense and burden of individual litigation makes it impossible for Class Members to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## VI.   APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE

22.   The market for MannKind securities was open, well-developed and efficient at all relevant times. Analysts from Wainwright and Maxim Group, LLC ("Maxim") cover MannKind's performance and risk. As a result of Defendants' materially false or misleading statements and material omissions, MannKind's securities traded at artificially inflated prices during the Class Period. On October 10, 2017, MannKind's stock closed at a high of $6.71 per share. Plaintiff and other members of the Class purchased or otherwise acquired MannKind's securities relying on the integrity of the market price of such securities and on publicly available market information relating to MannKind. Plaintiff and Class Members have been damaged thereby.

23.   During the Class Period, the artificial inflation of the value of MannKind securities was caused by the material misrepresentations and omissions alleged in this Complaint, thereby causing the damages sustained by Plaintiff and other Class Members. As alleged herein, during the Class Period, Defendants made or caused to be made materially false or misleading statements about the MannKind's business, prospects, and operations, causing the price of MannKind's

securities to be artificially inflated at all relevant times. When the truth was disclosed, it drove down the value of MannKind's securities, causing Plaintiff and other Class Members that had purchased the securities at artificially inflated prices to suffer damages as a result.

24.  At all relevant times, the market for MannKind stock was efficient for the following reasons, among others:

a.  MannKind's stock met the requirements for listing, and it was listed and actively traded on NASDAQ, a highly efficient and automated market.

b.  As a regulated issuer, MannKind filed periodic public reports with the SEC and/or NASDAQ.

c.  MannKind regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services.

d.  MannKind was followed by securities analysts employed by brokerage firms including Wainwright and Maxim, who wrote reports about MannKind. These reports were distributed to the sales force and certain customers of their respective brokerage firms and were made publicly available.

CLASS ACTION COMPLAINT

8

25.    Based on the foregoing reasons, during the Class Period, the market for MannKind stock promptly digested information regarding MannKind from all publicly available sources and impounded such information into the price of MannKind stock. Under these circumstances, the market for MannKind securities was efficient during the Class Period and, therefore, investors' purchases of MannKind stock at artificially inflated market prices give rise to a class-wide presumption of reliance under the fraud-on-the-market doctrine.

26.    In the alternative, the *Affiliated Ute* presumption of reliance applies to the extent that Defendants' statements during the Class Period involved omissions of material facts.

## VII.   COUNTS

### FIRST COUNT
### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder Against Defendants

27.    Plaintiff repeats and realleges each allegation set forth above as if fully set forth herein.

28.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class Members, as alleged herein; and (ii) cause Plaintiff and other Class Members to purchase MannKind stock at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants took the actions set forth herein.

CLASS ACTION COMPLAINT

29.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of MannKind's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. Defendants are sued as primary participants in the wrongful and illegal conduct charged herein.

30.     Defendants, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a course of conduct to conceal adverse material information about MannKind's prospects, as specified herein.

31.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse nonpublic information and engaged in acts, practices, and a course of conduct as alleged herein, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about MannKind and its prospects, in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of MannKind's securities during the Class Period.

CLASS ACTION COMPLAINT
10

32.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing MannKind's plans and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' misstatements throughout the Class Period, if Defendants did not have actual knowledge of the misrepresentations and omissions alleged, Defendants were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

33.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of MannKind was artificially inflated during the Class Period. In ignorance of the fact that market prices of the MannKind's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other Class

Members acquired MannKind stock during the Class Period at artificially high prices and were damaged thereby.

34.     At the time of said misrepresentations and/or omissions, Plaintiff and other Class Members were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other Class Members and the marketplace known the truth about MannKind's direct offering, which was not disclosed by Defendants, Plaintiff and other Class Members would not have purchased or otherwise acquired their MannKind securities. If they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

35.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

36.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the MannKind's securities during the Class Period.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and all other Class Members against Defendants for all damages sustained as a result of

Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

## IX.   JURY TRIAL DEMANDED

Plaintiff hereby depmands a trial by jury.

Dated:  October 30, 2017               GLANCY PRONGAY & MURRAY LLP


                                       By:  */s Robert V. Prongay*
                                       Lionel Z. Glancy
                                       Robert V. Prongay
                                       Lesley F. Portnoy
                                       1925 Century Park East, Suite 2100
                                       Los Angeles, California 90067
                                       Telephone: (310) 201-9150
                                       Facsimile: (310) 201-9160
                                       Email: rprongay@glancylaw.com

                                       *Liaison Counsel for Plaintiff and the*
                                       *Proposed Plaintiff Class*

                                       KIRBY McINERNEY LLP
                                       Peter S. Linden
                                       Ira M. Press
                                       Thomas Elrod
                                       825 Third Avenue, 16th Floor
                                       New York, NY 10022
                                       Telephone: (212) 371-6600
                                       Facsimile: (212) 751-2540
                                       Email: plinden@kmllp.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FISHMAN HAYGOOD LLP
James R. Swanson
Jason W. Burge
201 St. Charles Avenue
Suite 4600
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: jswanson@fishmanhaygood.com

*Counsel for Plaintiff and the Proposed Plaintiff Class*

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

Daniela Prodanova declares as follows:

1.       I make this Certification based on personal knowledge.

2.       I have reviewed the complaint against HC Wainwright & Co, LLC and Oren Livnat, and have authorized the filing of the complaint on my behalf.  I have retained the law firms of Kirby McInerney LLP, Fishman Haygood LLP and such co-counsel as those law firms deem appropriate to associate with, to pursue such action on a contingent fee basis.

3.       I did not purchase MannKind Corporation securities at the direction of my counsel or in order to participate in this private action.

4.       I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

5.       My transactions in MannKind Corporation securities during the Class period as set forth in the complaint are set forth on the attached Schedule A.

6.       During the three years prior to the date of this certification, I have not served or sought to serve as a representative party, for a class in any action filed under the federal securities laws, except as noted on Schedule A.

7.       I will not accept payment for serving as a representative party for the class beyond my pro rata share of any class recovery, except as ordered/approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of October , 2017.

_____
Signature

-2-
## SCHEDULE A

Class Period Transactions of Plaintiff in MannKind Corporation Securities:

| Date | Purchased/Sold | Number of Shares | Price Per Share |
|------|----------------|------------------|-----------------|
| 10-10-17 | Purchased | 200 | 6.7793 |
| | | | |
| | | | |
| | | | |
| | | | |

Federal securities law class actions commenced in last 3 years in which plaintiff has served or sought to serve as a representative party:

None.

1241043v.1