GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com

*Liaison Counsel for Plaintiff
and the Proposed Plaintiff Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIELA PRODANOVA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>H.C. WAINWRIGHT & Co., LLC, *et al.*,<br><br>Defendants. | Case No: 2:17CV7926-JAK-AS<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Lead Plaintiff Panthera Investment Fund L.P. ("Plaintiff") submits this Notice of Supplemental Authority to apprise the Court of the Ninth Circuit's recent decision in *Khoja v. Orexigen Therapeutics, Inc.*, No. 16 Civ. 56069, 2018 WL 3826298 (9th Cir. Aug. 13, 2018) ("*Khoja*"), which is attached hereto as Exhibit A. The decision, which was released after Plaintiff filed its opposition to Defendants' motion to dismiss the Complaint, is controlling with respect to arguments made by Defendants' in their motion to dismiss, and accompanying request for judicial notice.[1] Specifically, *Khoja* addresses: (1) the propriety of taking judicial notice of certain types of documents; and (2) when actionable misrepresentations, though not literally false, say enough about a subject matter to give rise to a disclosure duty.

***Judicial Notice and Reliance on Extrinsic Evidence***. In *Khoja*, the Ninth Circuit reversed, in part, the district court's dismissal of claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. The Ninth Circuit noted "a concerning pattern in securities cases like this one: exploiting these [judicial notice] procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id*. at *6. The Court also noted that this "unscrupulous" practice is especially inappropriate in the securities fraud context insofar as "there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.*

---

[1] All references to "Complaint" are to the Amended Class Action Complaint for Violations of the Federal Securities Laws [ECF No. 40]. All references to "RJN" are to Defendants' Request for Judicial Notice in Support of Motion to Dismiss Amended Class Action Complaint [ECF No. 45]. All references to "MTD" are to Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss Amended Class Action Complaint [ECF No. 44-1]. All references to "RJN Opp." are to Plaintiff's Memorandum in Opposition to Defendants' Request for Judicial Notice in Support of Motion to Dismiss Amended Class Complaint [ECF No. 50].

The *Khoja* decision and the analysis therein is relevant to the case at bar, because, in support of their pre-discovery motion to dismiss for failure to state a claim, Defendants submitted a request for judicial notice in which they attached or referenced a total of nineteen (19) documents and eight (8) websites that they requested that the Court consider. *See* RJN at 2-3. Many of the documents that Defendants seek to have the Court consider are similar in nature to documents that the Ninth Circuit addressed in *Khoja*.

*Conference Call Transcripts*. In *Khoja*, the Ninth Circuit found that the district court abused its discretion in taking judicial notice of a transcript of a conference call that Orexigen's management held with analysts and investors. The Ninth Circuit determined that the conference call transcript does not warrant consideration merely because its accuracy allegedly cannot be disputed. The Ninth Circuit noted, "accuracy is only a part of the inquiry under rule 201(b). A court must also consider – and identify – which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice, it does not mean that every assertion of fact within that document is judicially noticed for its truth." *Khoja* at *7. The Ninth Circuit specifically noted that it was improper to judicially notice the transcript to support Defendants' argument about what investors knew about certain decisions that Orexigen's management had made concerning possible drug studies. *Id.* at *7-8. The Ninth Circuit noted that "reasonable people could debate exactly what this conference call disclosed" about the transactions at issue, and "[i]t is improper to judicially notice a transcript when the substance of the transcript is subject to varying interpretations, and there is reasonable dispute as to what the [transcript] establishes." *Id.* at *8 (citation omitted).

In the case at bar, Defendants seek to have the Court consider investor conference call transcripts to support their argument concerning what investors knew about MannKind's private offering at the time. *See* RJN at 5-6; MTD at 4, 7.

Moreover, unlike the transcripts at issue in *Khoja*, the accuracy of the transcripts that Defendants seek to introduce in support of their dismissal is not free from doubt. *See* RJN Opp. at 5-6.

*Analyst Reports.* The Court of Appeals analyzed several analyst reports and blog posts. *Khoja* at *10-12. According to the Ninth Circuit, the determination of whether such a document could be considered in the motion to dismiss turned on whether it was referenced enough to be incorporated by reference in the Complaint. In this case, Defendants seek to introduce, and extensively rely upon, an analyst report issued by the Maxim Group. MTD at 4-8, 17-18, 21. This report was not incorporated by reference in the Complaint; in fact, that report was not mentioned at all. RJN Opp. at 4-5.

*Agency Reports.* The Ninth Circuit also found that the district court in *Khoja* had abused its discretion in considering an agency report to support certain inferences about interactions and the flow of information between the defendant and that agency. *Khoja* at *8-9. Similarly, in this case, Defendants attached agency materials from Financial Industry Regulatory Authority ("FINRA") to support an inference that they complied with certain FINRA regulations. *See* RJN at 3; MTD at 2-4, 12.

*Documents that are not "extensively" referenced in the Complaint.* In *Khoja*, the Ninth Circuit also determined that while courts consider documents that were incorporated by reference in the complaint, that is limited to documents that were referenced extensively in the complaint (*Khoja* at *9-10), but it does not apply to a document that is merely mentioned in the complaint in passing (*id*. at *10). In particular, the Ninth Circuit held that a document that the Complaint quotes only once does not meet the requirement for incorporation. *Id.* The Ninth Circuit also found that "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* The

Ninth Circuit determined that the district court had committed reversable error by considering SEC filings (*see id.* at *12-13) and press releases (*id*. at *14) that did not meet this standard.  Here, Defendants introduce (8) press releases, news articles and websites as exhibits, in addition to another seven (7) websites cited in their brief, that were not referenced in the Complaint.  See RJN 2-4, RJN Opp. at 2-3.[2]

***The Duty to Disclose***.  In *Khoja***,** the Ninth Circuit also extensively addressed the question of whether a complaint alleges actionable misrepresentations with respect to statements that though not literally false, said enough about a subject matter to give rise to a duty to disclose other facts.  *See Khoja* at *16-17, 19.  This analysis is relevant to the case at bar, specifically to the parties' contentions as to whether the statements in the Wainwright report, even if not literally false, gave rise to a duty to disclose MannKind's imminent below-market offering.  *See* MTD at 14-18; MTD Opp. at 5-12.

Dated:  August 17, 2018

By:  */s Robert V. Prongay*
GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (#134180)
Robert V. Prongay (#270796)
Lesley F. Portnoy (#304851)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Email: rprongay@glancylaw.com

*Liaison Counsel for Lead Plaintiff and the Proposed Plaintiff Class*

KIRBY McINERNEY LLP
Peter S. Linden
Ira M. Press

---

[2] Plaintiff did not object to the Defendants' incorporation by reference of the HC Wainwright analyst report and Note, which were extensively referenced in the complaint.


1 Thomas W. Elrod
2 825 Third Avenue, 16th Floor
New York, NY 10022
3 Telephone: (212) 371-6600
Email: plinden@kmllp.com
4
5 FISHMAN HAYGOOD LLP
James R. Swanson
6 Jason W. Burge
7 201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
8 Telephone: (504) 586-5252
Email: jswanson@fishmanhaygood.com
9
10 *Lead Counsel for Lead Plaintiff and the Proposed Plaintiff Class*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On August 17, 2018, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 17, 2018, at Los Angeles, California.

*s/ Robert V. Prongay*
Robert V. Prongay

# Mailing Information for a Case 2:17-cv-07926-JAK-AS Daniela Prodanova v. H.C. Wainwright and Co., LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jay S Auslander**
  jauslander@wilkauslander.com

- **Jason W Burge**
  jburge@fishmanhaygood.com,rhamilton@fishmanhaygood.com

- **Thomas W Elrod**
  telrod@kmllp.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Adam Itzkowitz**
  aitzkowitz@wilkauslander.com

- **Kathryn J Johnson**
  kjohnson@fishmanhaygood.com

- **Peter S Linden**
  plinden@kmllp.com

- **Lesley F Portnoy**
  LPortnoy@glancylaw.com

- **Ira M Press**
  ipress@kmllp.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Jonathan M Rotter**
  jrotter@glancylaw.com,jonathan-rotter-5262@ecf.pacerpro.com

- **Paul Benedict Salvaty**
  paul.salvaty@hoganlovells.com,ladocketing@hoganlovells.com

- **James R Swanson**
  jswanson@fishmanhaygood.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`